UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK D. RUNGE, | | |
| Plaintiff, | | |
| v. | | Case No. 15-cv-1200-JPG-DGW |
| JACKSON NATIONAL LIFE INSURANCE COMPANY, CONNIE GUYMON and MIDLAND STATES BANCORP, INC., | | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Court's May 10, 2016, order for defendant Jackson National Life Insurance Company ("Jackson") to show cause why the Court should not remand this case to the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois, for lack of original diversity jurisdiction in light of the fact that plaintiff Mark D. Runge and defendant Midland States Bancorp, Inc. are both citizens of Illinois (Doc. 31).   The Court developed the impression that Runge is an Illinois citizen based on an allegation in Jackson's notice of removal (Doc. 1, ¶ 6).

Jackson responded to the order to show cause (Doc. 34) stating that, in fact, Runge moved to Florida shortly before filing this lawsuit, presumably intending to remain there indefinitely, and that Jackson did not discover the fact until it deposed Runge.   Thus, Runge was at the commencement of this case and continues to be a citizen of Florida.   Runge's reply to Jackson's response (Doc. 37) confirms that he has at all relevant times been a citizen of Florida.   No defendant was or is a citizen of Florida.

It appearing that complete diversity exists and that removal of this case from state court under 28 U.S.C. § 1441(a) was proper on the basis of the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a), the Court **DISCHARGES** its May 10, 2016, order to show cause.

**IT IS SO ORDERED.**
**DATED:   June 22, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**